# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 21, 2025

```
* * * * * * * * * * * * * * **
LORRIE JONES,                      *
                                   *
              Petitioner,          *          No. 17-1890V
                                   *
v.                                 *          Special Master Young
                                   *
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * * * **
```

*Leah VaSahnja Durant,* Law Offices of Leah V. Durant, PLLC, Washington, DC*, for Petitioner.
*Mitchell Jones*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On December 6, 2017, Lorrie Jones ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2018). Petitioner alleged that she suffered "injuries, including [s]houlder [i]njury [r]elated to [v]accine [a]dministration ("SIRVA"), resulting from adverse effects of a tetanus/diphtheria ("Tdap") vaccination she received on October 25, 2016." Pet. at 1, ECF No. 1. I resolved Petitioner's claim on the record and issued a Ruling on Entitlement on September 29, 2023. ECF No. 51. I issued a damages decision on January 14, 2025. ECF No. 70.

On July 11, 2025, Petitioner filed a final motion for attorneys' fees and costs. Pet'r's Mot., ECF No. 74. Petitioner requests a total amount of $83,511.32, representing $64,103.70 in attorneys' fees and $19,407.62 in attorneys' costs. Pet'r's Mot. at 1. Petitioner also requests $60.50 of personal costs incurred in pursuit of her petition. *Id.* at 1–2. Respondent responded to the motion on July 11, 2025, stating that Respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2, ECF No. 75. Petitioner filed a reply the same day. ECF No. 76.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, I am satisfied that good faith and reasonable basis have been met in the instant case. Respondent has also not raised an objection regarding whether good faith and reasonable basis have been met. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[2]

---

[2] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Petitioner requests the following rates of compensation for her counsel: for Ms. Leah Durant, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.50 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $441.00 per hour for work performed in 2022, $463.00 per hour for work performed in 2023, $486.00 per hour for work performed in 2024, and $530.00 per hour for work performed in 2025; for Mr. Michael Milmoe, $464.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, and $509.00 per hour for work performed in 2021; for Ms. Summer Abel, $260.00 per hour for work performed in 2020; for Mr. Christopher Williams, $325.00 per hour for work performed in 2021, $358.00 per hour for work performed in 2023, and $376.00 per hour for work performed in 2024; and for Mr. Mateo Forero-Norena, $385.00 per hour for work performed in 2024. Additionally, Petitioner requests paralegal rates ranging from $145.00 per hour to $203.00 per hour for work performed from 2017 to 2025.

The rates requested are consistent with what counsel have previously been awarded for their work in the Vaccine Program; therefore, I will award the rates requested herein.

## B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g.*, *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.*, No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the submitted billing entries and the total number of hours billed to be reasonable. However, I find reductions are necessary. Throughout litigation, Petitioner's counsel consistently included filing documents in their billing entries. Additionally, most of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks. For example, Ms. Durant billed one entry for "[c]omplete research. Review and prepare evidence. Review and provide feedback on [P]etitioner's expert report. Evaluate literature. Draft and file notice of filing. File expert report." Pet's' Mot. at 8.

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. *See, e.g.*, *Rochester*, 18 Cl. Ct. at 387 (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well

established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing *Bell v. Sec'y of Health & Hum. Servs.*, 18 Cl. Ct. 751, 760 (1989)).

Therefore, I find a 10%[3] reduction reasonable. This results in a reduction of $9,615.56.[4]

### C.      Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $19,407.62 in attorneys' costs comprised of acquiring medical records, the filing fee, FedEx expenses, and expert services provided by Dr. Catherine Shaer, D. Cliff Colwell, and Dr. Uma Srikumaran. Petitioner also requests $60.50 in personal costs incurred from acquiring medical records. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

### II.      Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $64,103.70 |
| (Reduction to Fees) | ($6,410.37) |
| **Total Attorneys' Fees Awarded** | **$57,693.33** |
| | |
| Attorneys' Costs Requested | $19,407.62 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$19,407.62** |
| | |
| **Total Attorneys' Fees and Costs** | **$77,100.95** |
| | |
| Petitioner's Costs Requested | $60.50 |
| (Reduction to Costs) | - |
| **Total Petitioner's Costs Awarded** | **$60.50** |

---

[3] With more than 15 years in the Vaccine Program, Ms. Durant should be aware of the expected billing practices, especially when she has been warned about block billing and billing for administrative tasks in the past. If counsel continues to block bill in the future, the reduction will be greater than 10%.

[4] $64,103.70 x 10% = $6,410.37.

**Accordingly, I award a lump sum in the amount of $77,100.95, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioners' counsel's IOLTA account for prompt disbursement. I also award a lump sum in the amount of $60.50, representing reimbursement for Petitioner's personal costs incurred, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

s/Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.